[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#165)
Before the court is a motion for summary judgment by Ralph J. DeLeo and DeLeo Company, P.C. (DeLeo), two of the defendants in the action brought by the plaintiffs, Robert and Anna Orlandi. The plaintiffs' complaint against DeLeo alleges a cause of action in accounting malpractice.
DeLeo's motion for summary judgment is based on the ground that the plaintiffs can not prevail on their claim for accounting malpractice, as a matter of law, because the plaintiffs are precluded from presenting expert testimony at trial. Pursuant to Practice Book § 380, DeLeo filed a memorandum of law in support of their motion for summary judgment. On December 16, 1997, the plaintiffs filed a memorandum of law in opposition to DeLeo's motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 203, 663 A.2d 1001 (1995).
DeLeo's argument in support of the motion for summary judgement is that an accounting malpractice claim requires the testimony of an expert witness. Specifically, DeLeo contends that an expert witness is needed to testify as to the standard of care for an accountant. Because this court precluded the plaintiffs from presenting their expert witness, DeLeo argues, the plaintiffs can not prevail on their claim for accounting malpractice.
The plaintiffs present two arguments in opposition to DeLeo's motion for summary judgment. First, they contend that the nature CT Page 270 of their accounting malpractice claim does not require the testimony of an expert witness. Essentially, the plaintiffs liken their claim against DeLeo to a medical malpractice claim in which a doctor amputates the wrong leg. According to the plaintiffs, the acts committed by DeLeo were so negligent that a jury does not need the assistance of an expert. In the alternative, the plaintiffs argue that they have not been precluded from presenting expert testimony because this court granted their motion to extend discovery orders. The plaintiffs emphasize the fact that they filed an adequate disclosure of expert witnesses within the time period allowed by the extension.
In ruling on the motion for summary judgment, this court does not reach the issue of whether or not an expert witness is needed in this case. On November 6, 1997, this court granted DeLeo's motion to preclude the testimony of the plaintiffs' expert witnesses because the plaintiffs failed to disclose the expected nature of the experts' testimony. On November 10, 1997, however, this court granted the plaintiffs' motion to amend the discovery orders. The amendment established November 15, 1997 as the date by which the plaintiffs had to disclose their expert witnesses. In compliance with the November 15, 1997 deadline, the plaintiffs filed a disclosure of their expert witnesses which stated the nature of each expert's anticipated testimony. As such, the plaintiffs are not precluded from presenting testimony by these expert witnesses. Therefore, DeLeo's motion for summary judgment is denied.
HON. WALTER M. PICKETT, JR. State Judge Referee